UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JHONY R. MEJIA,<br><br>                              Defendant. | Case No.: 25-CR-4738-JES<br><br>**ORDER DENYING MOTION TO RECONSIDER BAIL**<br><br>**[Dkt. No. 12]** |

## I.

## **INTRODUCTION**

      Defendant Jhony R. Mejia moves for reconsideration of the Court's order of detention pending trial. When Mejia orally moved for reconsideration of the detention order on December 11, 2025, the Court requested briefing by the parties. Mejia's subsequently filed motion contains additional information about his attempted murder conviction, including his role in the offense and his post-conviction rehabilitative efforts that led the state court to reduce his sentence from life imprisonment to 19 years. Dkt. No. 12. The United States has responded. Dkt. No. 13.

///

Having considered the parties' briefing, the Court agrees with Mejia that the additional information regarding his conviction and rehabilitative efforts is relevant to the 18 U.S.C. § 3142(g) analysis. However, considering all the § 3142(g) factors, the Court maintains its conclusion that no condition or combination of conditions of release will reasonably assure Mejia's appearance as required. Accordingly, the Court denies the motion.

## II.
## BACKGROUND

### A.  State Proceedings

In 2008, a jury convicted Mejia of attempted murder, and he was sentenced to life imprisonment plus 25 years to life for a firearm allegation. In 2012, Mejia sustained a conviction for being a prisoner in possession of a weapon and was sentenced to 4 years' imprisonment.

In 2021, Mejia filed a Petition seeking to have the Los Angeles Superior Court resentence him. Dkt. No. 12-2 at 8-44. The Petition describes Mejia's participation in the 2007 attempted murder. According to the Petition, Mejia was the driver of a vehicle with two other Pomona 12th Street Gang members, including his brother. *Id*. at 17-18. Mejia's brother exited the vehicle and shot the victim, also a Pomona 12th Street Gang member, multiple times. There is no indication that Mejia was armed or that he ever exited the vehicle.

The Petition further describes Mejia's extensive rehabilitative efforts in prison, including his role as a teacher's aide, where he assisted 22 inmates earn their GEDs; his "behavioral override" to less restrictive housing; his participation in Alcoholics and CGA Anonymous; his role as a Peace Circle Keeper; and his two Associate of Arts Degrees from Feather River College. *Id.* at 10, 11, 24, 38-39.

In June 2024, the Los Angeles County District Attorney's Office moved to modify Mejia's sentence to 19 years' imprisonment, citing his "minimal" involvement in the

offense compared to his brother. *Id*. at 2-6. In July 2024, the Los Angeles Superior Court resentenced Mejia to a total term of 19 years' imprisonment. *Id*. at 46-48.

### B.     Federal Proceedings

Mejia was removed from the United States in August 2025. Dkt. No. 1-1. On November 15, 2025, Border Patrol agents surveilled a vehicle as it traveled westbound on Old Highway 80 and Interstate 8. *Id.* at 2. When agents performed a vehicle stop, "the rear passenger side door opened abruptly and a single male, later identified as the defendant Johnny R. Mejia, ran from the vehicle into the surrounding brush." *Id.* Agents pursued Mejia and found him 40 yards away. *Id.* at 3. Records checks revealed that Mejia is a citizen of Honduras with no documents allowing him to enter or remain in the United States. *Id.*

On November 17, 2025, Mejia was charged by Complaint with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. On November 20, 2025, the Court granted the United States's motion for detention after holding a hearing and finding there was no combination of conditions of release that would reasonably assure Mejia's appearance as required. Dkt. Nos. 6, 8. As noted above, Mejia orally moved to for reconsideration on December 11, 2025, and the Court directed him to file a motion that included the additional evidence he proffered regarding his attempted murder conviction and his post-conviction rehabilitative efforts while incarcerated.

## III.
## DISCUSSION

"Under the Bail Reform Act, pretrial detention is permitted only if a judicial officer determines that there is no condition of release, or combination of conditions, which would reasonably assure the appearance of the defendant and the safety of the community." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019). "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

1  In assessing whether a defendant poses a flight risk, the Court must "conduct an individualized evaluation that is guided by the factors articulated at 18 U.S.C. § 3142(g)." *Diaz-Hernandez*, 943 F.3d at 1199. Those factors "include the history and characteristics of the defendant, the weight of evidence, and the nature and circumstances of the offense charged." *Id.* at 1198. "Alienage may be taken into account, but it is not determinative." *Santos-Flores*, 794 F.3d at 1090. However, "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." *Diaz-Hernandez*, 943 F.3d at 1199.

### A.  Nature and Circumstances of the Offense

The Complaint alleges that Mejia is a citizen of Honduras who was removed from the United States in August 2025. On November 15, 2025, he was apprehended under circumstances indicating that he had recently re-entered the United States. The weight of the evidence is strong, but it is the least important factor. *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008). The nature and circumstances of the offense are relevant in that they evidence Mejia's intent to enter the United States in a manner that would allow him to evade law enforcement and thereby violate his prior removal order. In addition, the Complaint describes how Mejia attempted to flee from Border Patrol agents to avoid apprehension.

### B.  History and Characteristics

The record reflects that Mejia has strong ties to the Los Angeles area, where he resided for many years prior to his attempted murder conviction. In addition, his wife is a United States citizen who is willing to serve as a surety. Mejia does not appear to have employment ties in the Los Angeles area given that he was incarcerated from 2007 to 2025.

Mejia's attempted murder conviction is undisputedly serious, as reflected by his 19-year reduced sentence, even though the additional information provided in his motion demonstrates that his role was that of a driver. Additionally, his extensive rehabilitative efforts while incarcerated are commendable regardless of whether those efforts led to the reduction in his sentence.

The record further indicates that Mejia is a citizen of Honduras with no ability to lawfully remain in the United States. Assuming Mejia's Sentencing Guidelines calculations are correct, his most favorable Guideline range is 12-18 months in prison. Dkt. No. 12-1 at 8. It is a virtual certainty that he will be removed to Honduras at the conclusion of the case. As such, he has a strong incentive to abscond to avoid removal. *See United States v. Araujo-Salas*, No. 19MJ4179-WQH, 2019 WL 4963012, at *2 (S.D. Cal. Oct. 8, 2019) ("Defendant has a motive not to appear in order to avoid a significant period of incarceration, if convicted after trial, and the likelihood of removal.").

Mejia's ties to the Los Angeles area and his family support weigh in favor of setting conditions of release. But the Court must consider that light of all the § 3142(g) factors, including the substantial weight of the evidence against him, his attempt to flee from law enforcement, his criminal history, his violation of a prior removal order, the period of incarceration that he faces and the likelihood of his removal from the United States at the conclusion of this case. *See, e.g., Santos-Flores*, 794 F.3d at 1092-93 (affirming detention order in § 1326 case where defendant's family and employment ties "favor[ed]" release, "but [did] not overcome the numerous other factors that supported the district court's determination that he was a voluntary flight risk"); *United States v. Osuna-Villa*, No. 18CR3979 WQH, 2018 WL 9961830, at *1 (S.D. Cal. Oct. 26, 2018) (affirming detention order notwithstanding "substantial family ties in the United States" where the weight of the evidence was "substantial," defendant had "serious criminal history" and had "a strong motive not to appear in order to avoid a significant period of incarceration and certain deportation"); *United States v. Turijan-Cruz*, No. 20CR0416-H, 2020 WL 12182469, at *2 (S.D. Cal. Apr. 7, 2020), *aff'd*, No. 20-50094, 2020 WL 13660148 (9th Cir. May 13, 2020) (affirming detention order where defendant's "family ties to the United States including family support weigh in favor of setting bail" but defendant had "serious criminal history," three prior removals, lack of employment history and was "subject to a substantial sentencing guideline range"); *United States v. Contreras-Avalos*, No. 22-MJ-4180-DDL, 2022 WL 17652836, at *2 (S.D. Cal. Dec. 13, 2022) (denying motion to reconsider

detention order notwithstanding defendant's "strong family ties to the Eastern District of California" and willingness to secure bond with family home). Considering all these factors, the Court maintains its conclusion that the United States has established by a preponderance of the evidence that there is no combination of conditions of release that will reasonably assure Mejia's appearance in court as required.

## IV.
## CONCLUSION

For all the foregoing reasons, the Court **DENIES** the motion for reconsideration.

**IT IS SO ORDERED**.

Dated: December 29, 2025

_____
David D. Leshner
United States Magistrate Judge